## BANKRUPTCY OF W. H. DANIELS.

### Before Dole, J.

Decision Rendered June 29, 1892. Not hitherto reported.

A foreign firm, whose agent had not taken out a license, as required by Ch. 55, Laws of 1888, cannot recover the value of goods sold and delivered by such agent in this country.

### Decision of Dole, J.

The claim of Buckingham & Hecht, a San Francisco firm, was formally proved May 4, 1891. Afterwards, to-wit, November 23, 1891, on motion of the assignee, the proof of this claim was vacated by the order of the court, in order that the assignee might contest the same. A hearing was had April 8, 1892, in which evidence was taken, by which it appeared that an agent of the claimants, named Young, came to Daniels in 1890, and

solicited orders from him on the claimants, and succeeded in obtaining an order for shoes, to the amount of $1061.90, which is the present claim.  The goods were delivered in two lots.

The assignee contends that the contract of sale was void under Chapter 55, of the Laws of 1888, entitled "An Act to regulate the sale of goods, wares and merchandise in this kingdom by commercial traveling agents from foreign countries."

This Act provides that agents of foreign dealers shall not be allowed to sell goods in this country, without first filing in the Interior Office a statement of the name, place, and line of business of their principals, and taking out a license, the fee for which is fixed at $500 for doing business in Honolulu, and at $250 for other parts of the kingdom; and that any such agent who shall sell goods in this country for foreign dealers without such license shall be liable to a fine of $500.

The purpose of this law is rather to protect local dealers than for revenue—to prohibit sales by foreign drummers without such burdens of high license fees which would put their principals, who pay no taxes here, approximately upon a par with the business men of the country.  This being the case, the contract is void, unless it can be shown that Mr. Young took out a license under the requirements of the statute.  No such showing has been made, though a license was filed, issued to Mr. Young, on the 9th day of June, 1890, authorizing him to open and keep a wholesale store in Honolulu.  This license does not come under the statute above referred to, and there is no evidence that Mr. Young ever opened such a store, or did business for himself in this country.

"When a contract is prohibited, whether expressly or by implication, it is illegal and cannot be enforced.  Of this there is no doubt."  Benjamin on Sales, Section 530, and cases cited.

"Where a contract is prohibited by statute, it is immaterial to inquire whether the statute was passed for revenue purposes only, or for any other object.  It is enough that parliament has prohibited it, and it is therefore void.  When the question is whether a contract has been prohibited by statute, it is material in construing the statute to ascertain whether the legislature

had in view solely the security and collection of the revenue, or had in view, in whole or in part, the protection of the public from fraud in contracts, or the promotion of some object of public policy. In the former case, the inference is that the statute was not intended to prohibit contracts; in the latter, that it was." Ib., Section 538.

I therefore refuse to admit the claim.

*W. R. Castle*, for claimants.

*A. S. Hartwell*, for assignee.